BENJAMIN COX as Executor, etc., of SAMUEL LEG-
GETT, Deceased, Appellant, *v.* WILLIAM H. SCHER-
MERHORN, Executor, etc., of SAMUEL LEGGETT,
Deceased, and REBECCA F. WILLETTS, Respondents.

*Appeal by an executor from the decree of a surrogate — right of respondents to
object to items in the account — Commissions of an executor, where land has been
sold subject to mortgages.*

Where an executor appeals from a decree of the surrogate, entered upon the final
settlement of his accounts, and the petition of appeal contains a specification
of but one item, the respondent may set forth such other items of the account as
he may claim to be erroneous, as against him and in favor of the appellant
though the error be one which is prejudicial to the respondent, only in common
with all the other beneficiaries, none of whom have appealed or applied to be
made respondents.

*Ross* v. *Ross* (6 Hun, 80), overruled.

Where an executor sells real estate, subject to mortgages, he is entitled to com-
missions on the whole purchase-price, including the amount secured to be paid
by the mortgages, and is not limited to commissions on what remains after
deducting the amount of the mortgages therefrom.

APPEAL from a decree of the surrogate of Queens county, made on
the final accounting of the executors of the last will and testament of
Samuel Leggett, deceased.

The appellant objected to that part of the decree which adjudged
that he and his co-executor, William H. Schermerhorn, should pay
to the estate a sum of $6,254.82 (viz.: $11,254.82, less $5,000 which
had been returned), which had been lost. The appeal was not from
that part of the decree which held the executors liable for the
amount, but it asked that the decree should be so modified as to make
the executor Schermerhorn primarily liable; and if the amount, or
any portion thereof, should be paid by or collected from the appel-
lant, that the said Schermerhorn should refund the same to him.

The decree was made January 14, 1877. The petition of
appeal was verified and the order to answer was made May 24, 1877.
On the 27th of June, 1877, more than one month after the appeal
was taken, and after her time to appeal had expired, Rebecca F.
Willetts, one of the beneficiaries under the will, made and verified
a petition, asking that the petition of appeal should be amended

by inserting her name as a respondent, and an order to that effect was made by the Supreme Court, the same being opposed by the appellant. The said Rebecca F. Willetts thereupon answered the petition, and specified several errors which she claimed had been committed in the settlement of the accounts, which tended to decrease the amount to be divided among the beneficiaries.

*Wm. H. Onderdonk,* for the appellant.

*Benjamin W. Downing,* for the respondent, Willetts.

GILBERT, J.:

This is an appeal from the decree of the surrogate of Queens county for the final settlement of the account of the executors of Samuel Leggett, deceased. Such an appeal is authorized by statute. (2 R. S., 610, § 105), and the same statute provides that "the Supreme Court shall prescribe by rule the course of practice thereon, and on appeals from surrogates" in other cases specified. (Id., 611, § 120.) Rule 42 of this court was adopted in the fulfillment of that requirement. The appeal before us, therefore, must be governed by that rule. That rule provides that "if the appellant wishes to review the decision as to the allowance or rejection of any particular items of the account, such items shall be specified in the notice of appeal, or the allowance or disallowance of any such items shall not be considered a sufficient ground for reversing or modifying the sentence or decree appealed from. The rule also provides that the respondent, in his answer to the petition of appeal *in such case,* may also specify any items in the account as to which he supposes the sentence or decree is erroneous, *as against him and in favor of the appellant.* The petition of appeal contains a specification of one item, and prays for a reversal of the decree as well as a modification of it in another particular. Although the appellant does not now desire a correction of that item of the account, that fact cannot affect the rights of the respondent. Her answer, therefore, properly sets forth items of the account which she claims to be erroneous, and as Mr. Cox's co-executor did not appeal, I think the errors should be treated as errors in favor of the actual appellant. For the same reason

the errors should be treated as errors against Mrs. Willetts, alone inasmuch as no other party who could be prejudiced thereby has appealed from the decree, or applied to be made respondent in this appeal. It would, as it seems to me, be a narrow and unwarrantable construction of the rule to hold that because the errors specified in the answer of Mrs. Willetts are against all the beneficiaries, they are not against herself who is one of them. The greater includes the less. Whatever affects the entire estate affects each person interested therein. That maxim, I think, should be applied in a matter of practice, whenever the rejection of it would annul or impair a substantial right. Certainly the objection referred to would not have been a good one to a petition of appeal of Mrs. Willetts. If it were, the sole right of appeal given to her would be frustrated. I see no reason why such objection should have any greater force because the errors complained of are specified in an answer instead of a petition. The fact that she could not appeal without giving security, whereas the rule affords her the same remedy without security, upon an appeal by an executor, seems to me to have no bearing upon the construction of the rule. So far as the case of *Ross* v. *Ross* (6 Hun, 80) conflicts with these views, I cannot concur in the decision.

But I am of opinion that no error in the disposition made by the surrogate of the account has been shown. As to the item of $2,300 received by the appellant's co-executor Mr. Schermerhorn for rent of four lots on Twenty-second and Twenty-third streets, in the city of New York, the surrogate has found the fact that he expended for taxes, insurance and interest, on account of the property, a larger sum than he received. The statement in the case that he paid no taxes is not inconsistent with the finding in respect to the payment of insurance and interest. As the whole evidence is not before us we have no means of reviewing the decision of the surrogate on this question of fact.

The case does not show any error in the allowance of interest upon the item of $11,254.82-100, for it must be presumed that the executors were charged with interest upon all sums received by them during the period interest was chargeable thereon, as the case does not show that they were not so charged. It appears that the sum mentioned was credited to the executors as a payment

by them in 1871, and that the executors were required to refund that sum, and were charged with interest from that time.

The award of the arbitrators had no binding effect on the executors, for the reason that they were not parties to it. Nor would it have been proper for the surrogate to modify the accounting in accordance therewith, for he had no jurisdiction to try the justice or validity of an award. Putting the award aside, we think the decision of the surrogate in respect to the question of the advances to the daughters of the testator and of commissions was correct.

The rate allowed for commissions seems to be in accordance with the statute, and I think the allowance of commissions on the price of the real estate, sold subject to mortgages, instead of such price reduced by the amount of the mortgages, was proper. The executors were liable for the price for which the property was sold. The allowing the mortgages to remain, instead of paying them off, was equivalent to a payment by the purchaser of so much of the price *sub modo,* and was the same in effect as if the executors had paid off the mortgages and received new ones from the purchaser. (*In re De Peyster*, 4 Sand. Ch., 511.)

It follows that the decree should be affirmed, as to the respondent Willetts, with costs.

BARNARD, P. J., and DYKMAN, JJ., concurred.

Order of surrogate affirmed, with costs.